2022 IL App (1st) 211464

FIFTH DIVISION
Order filed: September 2, 2022

No. 1-21-1464

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 2881 |
| | ) | |
| DARRELL WIMBERLY, | ) | Honorable |
| | ) | William G. Gamboney |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Darrell Wimberly, appeals from an order of the circuit court denying him

leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725

ILCS 5/122-1 *et seq.* (West 2020)). He contends that the court should have granted him leave to

file because case law decided after the resolution of his initial petition created good cause for a

successive petition and because evidence of his troubled upbringing would have demonstrated that

his sentence violated the eighth amendment of the United States Constitution (U.S. Const., amend.

VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970 art. 1, § 11). For the reasons that follow, we affirm the circuit court's order.

¶ 2      In 2009, a jury convicted the defendant of one count of attempted first degree murder and two counts of armed robbery after evidence showed that the defendant robbed two victims at gunpoint and then shot one of them in the back. The defendant was 20 years old at the time of the offenses. The trial court sentenced the defendant to consecutive terms of 50, 15, and 15 years' imprisonment, and this court affirmed the convictions and sentences on direct appeal. See *People v. Wimberly*, 1-09-1328 (2011) (unpublished order pursuant to Supreme Court Rule 23).

¶ 3      In 2011, the defendant filed an initial petition for postconviction relief, raising several claims of ineffective assistance of trial and appellate counsel. In particular, he asserted that trial counsel was ineffective for failing to raise issues regarding a photo spread and lineup, for failing to move to suppress a witness identification, and for failing to raise a one-act, one-crime challenge to his consecutive sentences. He also claimed that appellate counsel rendered ineffective assistance by not raising the same one-act, one-crime challenge on appeal. The postconviction court dismissed the petition as frivolous and patently without merit, and this court affirmed the dismissal. See *People v. Wimberly*, 2013 IL App (1st) 113454-U.

¶ 4      In 2021, the defendant sought leave to file the instant successive petition, which raised two claims for relief. In those claims, the defendant asserted that trial counsel rendered ineffective assistance by failing to investigate and present mitigating evidence at sentencing and that his 80-year sentence is a *de facto* life sentence that is unconstitutional under the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. The

postconviction court concluded that the defendant failed to satisfy the cause-and-prejudice test for either of the claims and denied leave to file the petition. This appeal follows.

¶ 5    Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of one postconviction petition. *Id.* ¶ 2. Claims not raised in an initial petition are waived (*Id.* ¶ 21) unless the defendant can show both cause for and prejudice from failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42). The Act defines "cause" as "an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). To establish "prejudice," a petitioner must demonstrate that the claim not raised in an initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process." *Id.* "[A]t this early leave-to-file stage, the petitioner is not required to make the 'substantial showing' that will later be required at a second-stage hearing after counsel is appointed." *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20 (citing *Robinson*, 2020 IL 123849, ¶ 58). Instead, " 'leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim ***.' " *Id.* (quoting *People v. Sanders*, 2016 IL 118123, ¶ 24). Our review of the postconviction court's denial of leave to file a successive postconviction petition is *de novo. Robinson*, 2020 IL 123849, ¶ 39.

¶ 6    In this appeal, the defendant has made no argument addressed to the propriety of the circuit courts order as it relates to his claim of ineffective assistance of counsel.  Therefore, any assertion of error addressed to that claim has been forfeited.  Ill.S.Ct.R. 341(h)(7) (eff. Oct. 20, 2020).  In

this appeal, the defendant contests only the merits of the trial court's order as it relates to his second claim for relief, which addressed the constitutionality of his sentence under both the United States and Illinois constitutions. Addressing the federal component of the claim first, we observe that, to the extent that the defendant contends that his sentence violates the eighth amendment of the United States Constitution because it fails to comply with the sentencing considerations announced in *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny, such a challenge necessarily fails because the defendant was 20 years old at the time of his offenses. Federal case law concerning juvenile sentencing has drawn a cutoff line for special sentencing consideration at 18 years of age, and Illinois courts have held that offenders who were 18 or older at the time of their offenses are precluded from bringing eighth amendment challenges related to their youth. See *People v. Harris*, 2018 IL 121932, ¶ 61 (rejecting an argument that the eighth amendment protection for juveniles recognized in *Miller* should be extended to all young adults under the age of 21); *Walker*, 2022 IL App (1st) 201151, ¶ 24 (citing *Harris* for the proposition that "under 18 [is] the age cutoff for juvenile sentencing protections in the eighth amendment context" and rejecting a *Miller* eighth amendment challenge brought by a 20-year-old offender). Accordingly, because the defendant was 20 years old at the time that he committed his offenses and, therefore, cannot argue that his sentencing failed to comply with the requirements outlined in *Miller* and its progeny, the defendant has not demonstrated prejudice supporting the federal component of his second claim for relief.

¶ 7 The defendant's second claim also contains a state-law component, with the defendant asserting that his 80-year sentence violates the proportionate penalties clause of the Illinois Constitution, which prohibits punishments that are "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Ruddock*,

2022 IL App (1st) 173023, ¶ 70 (citing *People v. Miller*, 202 Ill. 2d 328, 338 (2002)). However, before we can reach the merits of the claim, the defendant must first establish cause for his failure to raise the claim in his initial petition. See *Robinson*, 2020 IL 123849, ¶ 42. And that is where this portion of the defendant's claim fails.

¶ 8    The defendant's proportionate-penalties-clause claim is premised on *Miller* and an ever-developing collection of related federal and state decisions expanding the special protections afforded to juvenile and young-adult offenders. He contends that those decisions were not available to him when he filed his initial petition. However, the Illinois Supreme Court has recently held that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *People v. Dorsey*, 2021 IL 123010, ¶ 74. This is because "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant[s] of 'some helpful support' for [their] state constitutional law claim[s], which is insufficient to establish 'cause.' " *Id.*

¶ 9    Although the defendant points to a handful of cases in which 18-, 19-, and 20-year-old defendants were granted leave to file successive postconviction petitions raising proportionate-penalties-clause claims based on *Miller* (*People v. Franklin*, 2020 IL App (1st) 171628, *People v. Bland*, 2020 IL App (3d) 170705, *People v. Minniefield*, 2020 IL App (1st) 170541, *People v. Ruiz*, 2020 IL App (1st) 163145, and *People v. Johnson*, 2020 IL App (1st) 171362), the possibility of such a claim has since been foreclosed by the supreme court's decision in *Dorsey*. In light of the court's pronouncement in *Dorsey*, the defendant's reliance on *Miller* and related developments in juvenile-sentencing case law as the reason for his failure to bring his proportionate-penalties-

clause claim in his initial petition is insufficient to establish cause. Therefore, the defendant's second claim based upon the proportionate-penalties-clause of the Illinois Constitution also fails.

¶ 10    For the foregoing reasons, we affirm the postconviction court's denial of the defendant's request for leave to file a successive postconviction petition.

¶ 11    Affirmed.

---

*People v. Wimberly*, 2022 IL App (1st) 211464

---

**Decision Under Review:** Appeal from the Circuit Court of Cook County, No. 07 CR 2881; the Hon. William G. Gamboney, Judge, presiding.

---

**Appellant Attorneys:** JAMES E. CHADD, State Appellate Defender
DOUGLAS R. HOFF, Deputy Defender
MELINDA GRACE PALACIO, Assistant Appellate Defender
Office of the State Appellate Defender
First Judicial District
203 N. LaSalle St., 24th Floor
Chicago, IL 60601
Phone: (312) 814-5472

**Appellee Attorneys:** Kimberly Foxx,
State's Attorney of Cook County
Enrique Abraham, Paul E. Wojcicki,
Adam C. Motz,
Assistant State's Attorneys – Of Counsel
Richard J. Daley Center, 3rd Floor
Chicago, IL 60602
Phone: (312) 603-5496