2022 IL App (1st) 210588-U

FOURTH DIVISION
Order filed: October 27, 2022

No. 1-21-0588

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 93 CR 16210 |
| | ) | |
| GERALD JONES, | ) | Honorable, |
| | ) | James Ursula Walowski, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the circuit court's denial of the defendant's petition for leave to file a successive postconviction petition. Relying upon the supreme court's decision in *People v. Dorsey,* 2021 IL 123010, we found that the defendant's petition failed to establish cause for failure to raise in his initial postconviction petition a claim that his life sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970 art. 1, § 11) based on recent caselaw governing the sentencing of juvenile and young adult offenders.

¶ 2    The defendant, Gerald Jones, appeals from an order of the circuit court denying him leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Relying upon cases decided after his initial postconviction petition

was denied and recent research concerning young adult brain development, the defendant contends that the trial court erred in denying him leave to file his successive postconviction petition because he adequately alleged that his sentence of natural life imprisonment for crimes he committed when he was 20 years old is unconstitutional.[1] For the reasons that follow, we affirm.

¶ 3 In 1994, following a jury trial, the defendant was found guilty of two counts of first degree murder and one count of attempted first degree murder. The jury's verdict was based on evidence that, in 1993, the then 20-year-old defendant shot three men in the head during a dispute over a $2000 debt allegedly incurred in the sale of drugs. The defendant told the victims that he could get the money owed to them if they drove him to a housing project. When they arrived, he shot the victims in the head while they sat in a car. Two of the victims died. The surviving victim pretended he was dead and was able to drive away after the defendant left the car. Following the jury's verdict and a sentencing hearing, the trial court sentenced the defendant to natural life in prison, finding that there was "a sufficient mitigating factor" such that the death penalty was not warranted. On direct appeal, this court affirmed the defendant's convictions and sentence. See *People v. Jones*, No. 1-95-0299 (1996) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4 In 2008, the defendant filed a *pro se* petition for postconviction relief contending, *inter alia*, that the trial court engaged in improper *ex parte* communications with the jury during deliberations. The circuit court appointed an attorney for the defendant, but the defendant asked to proceed *pro se*. The circuit court ultimately dismissed the defendant's petition, and this court affirmed the dismissal on appeal. See *People v. Jones*, 2013 IL App (1st) 111247-U.

---

[1] Although the defendant asserted in his pleadings in the circuit court that he was 19 years old on the date of the offense, the defendant concedes on appeal that the records of the Illinois Department of Corrections indicate that he was actually 20 years old.

¶ 5    In 2012, the defendant filed a motion to vacate his sentence as void which the circuit court treated as a petition to vacate pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). The circuit court dismissed the petition, and on appeal, this court vacated the order and remanded the cause, holding that the circuit court prematurely dismissed the petition, foregoing the 30–day waiting period required by statute. *People v. Jones*, 2014 IL App (1st) 130175-U, ¶ 10. On remand, the circuit court again dismissed the petition. No appeal was taken from that denial.

¶ 6    In 2015, the defendant filed a petition for *habeas corpus*, raising the same issues raised in his postconviction petition. The circuit court dismissed the petition, and on appeal, this court affirmed after granting defendant's counsel leave to withdraw pursuant to *Finley v. Pennsylvania*, 481 U.S. 551 (1987). See *People v. Jones*, No. 1-16-1007 (2017) (unpublished summary order under Supreme Court Rule 23).

¶ 7    On December 28, 2020, the defendant filed a motion for leave to file a successive postconviction petition. The petition raised numerous allegations of constitutional deprivations, including an allegation that his mandatory life sentence constituted cruel and unusual punishment in violation of the eighth amendment of the United States Constitution (U.S. Const. amend. VIII). The circuit court denied the defendant leave to file a successive postconviction petition.

¶ 8    The defendant filed a motion to reconsider the denial of leave to file a successive postconviction petition, arguing that he was seeking relief under *People v. House¸* 2019 IL App (1st) 110580-B, and *Miller v. Alabama¸* 567 U.S. 460 (2012). The defendant alleged that "because [he the] petitioner was 19 [*sic*] years old, a juvenile or and mental capacity and diagnoses shows

mild retarded or irretrievably depraved or lack the capacity to think as an adult at the time of the case." The circuit court denied the defendant's motion to reconsider, and this appeal follows.

¶ 9 Although the defendant raised numerous issues in his proposed successive postconviction petition, in this appeal he raises no arguments related to his eighth amendment claim, or any of the claims raised in his petition other than the claim that his sentence violated the proportionate penalties clause of the Illinois constitution (Ill. Const. 1970 art. 1, § 11). Therefore, those claims not argued are forfeited and we focus solely on the proportionate penalties claim. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 10 Under the Act, a defendant may raise claims that his conviction or sentence violates the United States or Illinois Constitutions. *People v. Edwards*, 2012 IL 111711, ¶ 21; see also *People v. Wimberly*, 2022 IL App (1st) 211464, ¶ 5. The language of the Act and the cases interpreting it make clear that only a single postconviction proceeding is contemplated under the Act. See *Edwards*, 2012 IL 111711, ¶ 22. Issues not raised in an initial petition are waived and the bar to successive petitions is relaxed only where the defendant can establish "cause and prejudice" for failing to raise the claim earlier or where there has been a "fundamental miscarriage of justice" based on actual innocence. *Id.* ¶¶ 21-23; see also *People v. Robinson*, 2020 IL 123849, ¶ 42. The defendant must make a *prima facie* showing of both cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. The Act defines "cause" as "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). The Act states that a defendant shows prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* At the leave-to-file stage, a defendant " 'is not

required to make the "substantial showing" that will later be required at a second-stage hearing after counsel is appointed.' " *Wimberly*, 2022 IL App (1st) 211464, ¶ 5 (quoting *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20). Instead, " 'leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim.' " *Walker*, 2022 IL App (1st) 201151, ¶ 20 (quoting *People v. Sanders*, 2016 IL 118123, ¶ 24). We review the denial of leave to file a successive postconviction petition *de novo*. *Robinson* 2020 IL 123849, ¶ 39.

¶ 11    In urging reversal of the circuit court's order denying him leave to file a successive postconviction petition, the defendant argues that his proposed petition made a *prima facie* showing of both cause and prejudice.  As to the cause prong of the test, he contends that the legal basis for his proportionate penalties claim based on *Miller* and subsequent decisions expanding the special protections afforded to juvenile and young-adult offenders at sentencing did not exist when he filed his initial postconviction petition. The defendant points to a number of cases in which 18-, 19-, and 20-year-old defendants were granted leave to file successive postconviction petitions raising proportionate penalties claims, each of which was decided before our supreme court issued its opinion in *People v. Dorsey,* 2021 IL 123010 (*People v. Brewer,* 2021 IL App (1st) 172314, *People v. Franklin*, 2020 IL App (1st) 171628, *People v. Bland*, 2020 IL App (3d) 170705, *People v. Minniefield*, 2020 IL App (1st) 170541, *People v. Ruiz,* 2020 IL App (1st) 163145, *People v. Johnson*, 2020 IL App (1st) 171362).

¶ 12    In *Dorsey*, the supreme court held that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the

proportionate penalties clause." *Dorsey*, 2021 IL 123010, ¶ 74; see also *Wimberly*, 2022 IL App (1st) 211464, ¶ 8. In *Dorsey*, the supreme court explained: "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant[s] of 'some helpful support' for [their] state constitutional law claim[s], which is insufficient to establish 'cause.' " *Id.*

¶ 13    The defendant argues, however, that *Dorsey* does not apply to his case, relying on the holdings in *People v. Vega,* 2022 IL App (1st) 200663-U and *People v. Horshaw,* 2021 IL App (1st) 182047, both decided after *Dorsey.* Although *Vega* was decided after *Dorsey,* on the question of whether the defendant had established cause for failing to raise an as-applied proportion penalties claim in his initial postconviction petition, the court found that the State had forfeited the issue by failing to argue it in the body of its brief. *Vega,* 2022 IL App (1st) 200663-U, ¶ 46. As a consequence, the *Vega* court never addressed the supreme court's reasoning in *Dorsey* relating to whether, based on recent caselaw governing the sentencing of juvenile and young adult offenders. a defendant can establish cause for failing to raise a proportionate penalties claim in his initial postconviction petition.

¶ 14    In addition to relying on *Dorsey* to support its argument that the defendant cannot satisfy the cause prong necessary to obtain leave to file a successive postconviction petition raising a claim under the proportionate penalties clause based on recent caselaw governing the sentencing of juvenile and young adult offenders, the State also relies on the post-*Dorsey* decisions in *People v. Figueroa (Figueroa II),* 2022 IL App (1st) 172390-B, and *People v. Ruddock,* 2022 IL App (1st) 173023, both of which decisions, relying on the reasoning in *Dorsey,* hold that a defendant cannot

establish cause for failing to raise a proportionate penalties claim based on recent caselaw governing the sentencing of juvenile and young adult offenders in an initial postconviction petition and affirmed the circuit court's denial of leave to file a successive petition raising such a claim.

¶ 15    The defendant attempts to distinguish *Dorsey* based on the fact the defendant in that case was a juvenile; whereas, he was 20 years old at the time of the commission of the offenses of which he was convicted.  He concedes that, in holding that the defendant in *Dorsey* failed to establish cause for not filing his proportionate penalties claim in his initial postconviction petition, the supreme court found that "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing."  He contends, however, that, because *Dorsey* was decided in the context of a juvenile defendant, his case presents a different issue.  In support of the argument, he asserts that, unlike juveniles, "the law has not 'long recognized' that young adults are constitutionally different than mature adults for sentencing purposes." On that point, we disagree.  As the court in *People v. Haines,* 2021 IL App (4th) 190612, ¶ 47 observed, "Illinois courts also have long been aware that less than mature age can extend into young adulthood—and they have insisted that sentences take into account that reality of human development," citing *People v. Maldonado*, 240 Ill. App. 3d 470, 485-86 (1992) and *People v. Center*, 198 Ill. App. 3d 1025, 1034 (1990).

¶ 16    *Horshaw* is the only post-*Dorsey* case of significance relied upon by the defendant in support of his argument that he satisfied the cause prong of the cause and prejudice requirement necessary to be granted leave to file a successive postconviction petition.  In that case, this court reversed an order of the circuit denying the defendant leave to file a successive postconviction petition raising a claim pursuant to the proportionate penalties clause based on recent caselaw

governing the sentencing of juvenile and young adult offenders, finding, *inter alia,* that the defendant had made a *prima facie* showing of cause for not raising the claim in his initial postconviction petition. *Horshaw,* 2021 IL App (1st) 182047, ¶¶ 123-24. However, *Horshaw* was decided before *Wimberly*, 2022 IL App (1st) 211464 and *Figueroa II*, 2022 IL App (1st) 172390-B, both post-*Dorsey* decisions involving the denial of leave to file successive postconviction petition based on proportionate penalties clause claims by defendants who were young adults at the time of the commission of the offenses for which they were convicted.

¶ 17    Following the reasoning in *Dorsey,* this court in *Wimberly* found that the defendant could not satisfy the cause prong of the cause and prejudice test and affirmed the circuit court's denial of the defendant's petition for leave to file a successive postconviction petition raising a proportionate penalties claim based on *Miller* and subsequent decisions expanding the special protections afforded to juvenile and young-adult offenders at sentencing. *Wimberly*, 2022 IL App (1st) 211464, ¶ 9.

¶ 18    In *People v. Figueroa* (*Figueroa I),* 2020 IL App (1st) 172390, this court filed an opinion reversing the circuit court's order denying the defendant leave to file a successive postconviction petition claiming that his sentence is unconstitutional under *Miller,* because it was imposed without adequate consideration of his youth and its attendant characteristics. *Id.* ¶ 1. In addition, we vacated the defendant's sentence and remanded the matter for a new sentencing hearing. *Id.* However, in response to the State's petition for leave to appeal *Figueroa I*, the supreme court denied the petition but issued a supervisory order (2021 IL 126497), remanding the matter to this court with instructions to vacate our judgement and reconsider the matter in light of its decision in *Dorsey.* On remand, and subsequent to our opinion in *Horshaw,* this court affirmed the circuit

court's order denying the defendant leave to file a successive postconviction petition claiming that his sentence is unconstitutional under the proportionate penalties clause of the Illinois Constitution, holding, *inter alia*, that "*Dorsey* is entirely dispositive of defendant's claim. Defendant has failed to satisfy the cause prong of the cause and prejudice test." *Figueroa II,* 2022 IL App (1st) 172390-B, ¶¶ 37-42. In *Wimberly,* this court came to the same conclusion. 2022 IL App (1st) 211464, ¶ 9.

¶ 19    Relying upon the supreme court's decision in *Dorsey,* we conclude that the defendant in this case failed to establish cause for failing to bring his proportionate penalties claim in his initial postconviction petition. Consequently, we affirm the order of the circuit court denying him leave to file a successive postconviction petition.

¶ 20    Affirmed.