2022 IL App (1st) 211416-U

SECOND DIVISION
November 9, 2022

No. 1-21-1416

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 03 CR 00135 |
| GILBERTO GONZALEZ, | ) ) | Honorable James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

*Held*:   We affirm the judgment of the circuit court of Cook County denying defendant leave to file a successive postconviction petition; defendant failed to establish cause for his failure to bring his claim under the proportionate penalties clause in his initial postconviction petition.

¶ 1    In October 2002 a jury found defendant, Gilberto Gonzalez, guilty of first degree murder. The circuit court of Cook County sentenced defendant to 48 years' imprisonment. This court affirmed defendant's conviction and sentence on direct appeal. *People v. Gilberto Gonzalez*, 388 Ill. App. 3d 566 (2008). In August 2021 defendant filed a motion for leave to file a successive petition for postconviction relief challenging the sentence under the proportionate penalties clause of the Illinois constitution. In September 2021 the trial court denied defendant leave to file the successive petition for postconviction relief. Defendant timely appealed.

¶ 2      For the following reasons, we affirm the trial court's order denying defendant leave to file the successive postconviction petition.

¶ 3                              BACKGROUND

¶ 4      A complete recitation of the facts and relevant evidence leading to defendant's conviction and sentence can be found in this court's order affirming the trial court's judgment on direct appeal. *Gonzalez*, 388 Ill. App. 3d 566. We will state here only those facts and that evidence necessary to an understanding of the issues and the disposition of this appeal.

¶ 5      In 2002, at the age of 22 years, defendant, Gilberto Gomez, was convicted of the first degree murder of Jesse Sandoval for what is typically described as a "drive by shooting." Defendant does not challenge the fact of his conviction, so those facts are not relevant, except to any extent they may illuminate defendant's arguments in this appeal. Any such facts will be discussed as necessary to that purpose.

¶ 6      Relevant here, defendant's pretrial services investigation report (PSI) states that defendant had a history of alcohol and drug abuse that started at the age of 15. He joined a street gang at 16 but did not achieve "rank."  Defendant stated that when previously incarcerated he became a member of a Christian church and continued to be a member of a church when released. In 1999, while serving a sentence of imprisonment on an unrelated offense, defendant obtained his General Education Development (GED) degree. In 2001, defendant was in an automobile accident. The accident caused defendant to suffer a brain injury necessitating surgery to remove a piece of his skull due to swelling in his head and to relieve a hemorrhage in his brain. Defendant claimed the scars from the surgery caused him anxiety, depression, and paranoia. Defendant was prescribed Trazadone and Prozac for stress and anxiety. Defendant also claimed that he continues to suffer from short-term memory loss and severe headaches as a result

of the brain injury. Defendant attempted suicide sometime thereafter but before committing the offense underlying this appeal.

¶ 7    Defendant's attorney failed to mention defendant's brain injury and medication at defendant's sentencing hearing. When defendant addressed the trial court, he denied committing the offense.

¶ 8    The trial court sentenced defendant to 48 years in prison. Defendant filed a direct appeal in which he challenged his conviction on several grounds but in which he did not challenge his sentence. *Gonzalez*, 388 Ill. App. 3d at 568. This court affirmed the conviction. *Id.* at 598. On October 13, 2010, defendant filed an initial postconviction petition raising claims he received ineffective assistance of counsel in several respects. Again, defendant did not challenge his sentence. The trial court summarily dismissed the initial petition. Defendant filed several interim petitions without success.

¶ 9    On August 26, 2021, defendant placed the motion for leave to file the successive petition for postconviction relief that is the subject of this appeal (current petition) in the institutional mail at Menard Correctional Center. On August 31, 2021, the clerk of the circuit court of Cook County filed defendant's motion. Defendant's current petition raised a single claim: "an as-applied issue, that his *de facto* life sentence of 48-years in prison, imposed by the trial court without any consideration of his youth or rehabilitative potential for an offense committed when he was 22-years old, is both unconstitutional under the proportionate penalties clause of the Illinois constitution, and excessive." The current petition includes statements from several witnesses who say defendant changed negatively after the accident and was no longer the person they previously knew. Defendant's sister, an educational professional but a medical layperson, opined that the brain injury hindered defendant's brain development. The petition claims

defendant has shown signs of rehabilitation in the almost 20 years he has been imprisoned including participation in multiple self-improvement and educational programs.

¶ 10    Defendant also attached to the current petition a document titled "Report to 2017 Illinois PTA Convention on Young Adults Involved in the Justice System" (2017 report). The executive summary of the 2017 report concludes that brain functions that relate to self-control and reasoning continue to mature into the twenties and that the findings suggest that addressing the issues of this age group might be handled in different ways, as one group, or in subdivisions including 18 to 21 and 22 to 25-year olds.

¶ 11    On September 9, 2021, the circuit court of Cook County denied defendant's motion for leave to file the current petition. The same day, defendant placed a notice appeal in the institutional mail at Menard Correctional Center. On October 13, 2021, the clerk of the circuit court of Cook County filed defendant's notice of appeal from the September 9, 2021 judgment.

¶ 12    This appeal follows.

¶ 13                                ANALYSIS

¶ 14    This court will review the trial court's denial of a motion for leave to file a successive petition for postconviction relief under the *de novo* standard of review. *People v. Horshaw*, 2021 IL App (1st) 182047, ¶ 37 (citing *People v. Bailey*, 2017 IL 121450, ¶ 13). Under a *de novo* standard of review this court performs the same analysis that a trial judge would perform. *Id*. (citing *People v. McDonald*, 2016 IL 118882, ¶ 32). When performing this analysis, we are not required to defer to the trial court's judgment or reasoning. *McDonald*, 2016 IL 118882, ¶ 32. Rather, our judgement is completely independent of the trial court's decision. *Id*. The question, therefore, is whether the trial court's decision was correct as a matter of law. *Horshaw*, 2021 IL App (1st) 182047, ¶ 37 (citing *McDonald*, 2016 IL 118882, ¶ 32).

¶ 15     The Post-Conviction Hearing Act (Act) contemplates the filing of only one petition for postconviction relief. *People v. Wimberly*, 2022 IL App (1st) 211464, ¶ 5; 725 ILCS 5/122-1(f) (West 2020). The Act provides that a defendant must obtain leave of court to file a successive postconviction petition, and to obtain leave the defendant must demonstrate cause for their failure to bring the claim in their initial petition and that prejudice results from that failure. *People v. Brandon*, 2021 IL App (1st) 172411, ¶ 41 (citing 725 ILCS 5/122-1(f) (West 2016)). Leave to file a successive petition for postconviction relief requires the defendant to "make a *prima facie* showing of both 'cause' and 'prejudice' by submitting sufficient pleadings and documentation to permit the circuit court to make an independent determination on the legal question raised." *Horshaw*, 2021 IL App (1st) 182047, ¶ 35 (citing *Bailey*, 2017 IL 121450, ¶ 24).

¶ 16     Courts have defined "cause" as an objective factor that impeded the defendant's ability to raise the claim in the initial postconviction petition, and "prejudice" requires a demonstration that the alleged error so infected the entire trial that the resulting conviction or sentence violates due process. *Id*. ¶ 36 (citing *People v. Davis*, 2014 IL 115595, ¶ 14). When the requirements for leave to file a successive petition are met the petition will be docketed for second stage postconviction proceedings. *Horshaw*, 2021 IL App (1st) 182047, ¶ 37 (citing *People v. Sanders*, 2016 IL 118123, ¶ 25). On the contrary, leave to file a successive petition should be denied where " 'it is clear, from a review of the successive petition and the documentation submitted by the [defendant,] that the claims alleged *** fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings.' [Citation.]" *Id*.; *People v. Blalock*, 2022 IL 126682, ¶ 48 (quoting *People v. Smith*, 2014 IL 115946, ¶ 35). See also *Wimberly*, 2022 IL App (1st) 211464, ¶ 5. In *Wimberly*, this court observed that:

"at this early leave-to-file stage, the petitioner is not required to make the 'substantial showing' that will later be required at a second-stage hearing after counsel is appointed. [Citations.] Instead, leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim. [Citations.]" (Internal quotation marks omitted.) *Id.*

In making these inquiries, "we take as true all well-pled allegations in the petition that are not positively rebutted by the trial record and reject those allegations that are positively rejected by the trial record." *Horshaw*, 2021 IL App (1st) 182047, ¶ 137 (citing *People v. Robinson*, 2020 IL 123849, ¶ 45).

¶ 17    The proportionate penalties clause of the Illinois constitution affords "greater protections against excessive punishment than does the eighth amendment." *Hilliard*, 2021 IL App (1st) 200112, ¶ 24. This court has recognized that "young adults *** may rely on the evolving neuroscience regarding brain development in juveniles and its correlation to maturity underpinning the *Miller* decision in support of an as-applied challenge pursuant to the proportionate penalties clause" *Id.* ¶ 25. To obtain the benefits of the *Miller* line of cases as an emerging adult a defendant must demonstrate that he is sufficiently similar to juveniles such that *Miller* protections should apply. *Id.* ("In *Thompson* and *Harris*, the court opened the door for young adult defendants to demonstrate that their own specific characteristics and circumstances were so like those of a juvenile that imposition of a life sentence, absent the necessary considerations established in *Miller*, would violate the proportionate penalties clause.").

¶ 18    In this case defendant argues his motion made a *prima facie* showing of cause and prejudice sufficient to require the trial court to grant the motion to file the petition and proceed to the second stage of postconviction proceedings at which defendant may develop a factual record in support of his claim. Defendant cites *People v. House*, 2021 IL 125124 for the proposition that even a "bare-boned" *pro se* post-conviction petition that alleges an emerging adult claim is sufficient to begin second-stage proceedings. Defendant argues the petition in this case "strongly suggests that his mandatory *de facto* life sentence was unconstitutional" under the proportionate penalties clause of the Illinois  constitution in the light of *Miller v. Alabama*, 567 U.S. 460 (2012) and *People v. House*, 2015 IL App (1st) 110580. Defendant argues that because the petition in this case cannot be said to fail as a matter of law the trial court should have granted leave to file. See *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 19    In support of his argument that defendant made at least a *prima facie* showing of "cause," defendant points out that defendant's "sentencing hearing occurred in 2005, when the parties did not have the benefit of the supreme court's watershed rulings about juvenile and emerging adult brain development." Defendant also argues his trial attorney failed to mention his brain injury despite its alleged "additional effects on his brain development." Thus, defendant argues, under the circumstances "it cannot be said that [defendant's] sentencing hearing complied with *Miller*."

¶ 20    Defendant's argument is, ultimately, that he was deserving of special sentencing considerations such that "his mandatory *de facto* life sentence runs afoul of the substantive guarantees of *Miller*." He concludes: "[defendant's] post-conviction petition and the numerous documents appended to his petition strongly suggest that he, like his juvenile counterparts, was deserving of special sentencing considerations and [] his mandatory *de facto* life sentence runs afoul of the substantive guarantees of *Miller*." Defendant devotes a substantial portion of his

argument on appeal to many alleged reasons why today he may be deserving of a lesser sentence. We cannot disagree there is evidence of defendant's rehabilitation—which is in fact the goal of his incarceration. We cannot, however, give much weight to defendant's complaint that his attorney at the sentencing hearing failed to mention his brain injury. As defendant concedes, the trial judge was aware of defendant's injury through his PSI. Of course, defendant's attorney could not argue that this injury may have impeded defendant's brain development and that a developing brain, like those found in youth, must be considered in sentencing emerging adults who share that characteristic. That argument was not available because "the supreme court's watershed rulings about juvenile and emerging adult brain development," beginning with *Miller*, had not yet been decided. The question that is not sufficiently answered by defendant, and which we must answer in the negative, is whether this unavailability of the *Miller* line of cases constitutes "cause" under the Act.[1] Because we resolve this case on the issue of "cause" for purposes of a successive petition, we find that our supreme court's decision in *People v. House*, 2021 IL 125124, on which defendant heavily relies, is not particularly helpful.

¶ 21     The State responded to defendant's arguments on appeal by arguing that "the fact that defendant's sentence pre-dates *Miller* is insufficient to establish cause' for failing to raise this claim sooner" under our supreme court's judgment in *People v. Dorsey*, 2021 IL 123010, ¶ 73. In *Dorsey*, our supreme court held that it had recently held that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *Dorsey*, 2021 IL 123010, ¶ 74. In reply to the

---

[1]     We agree with the State that: "While defendant's brief offers no real argument in support of his cause for failure to bring his claim sooner, his petition asserts that the unavailability of [the *Miller* line of cases] at the time of his sentencing establishes the required cause."

State, defendant argued that *Dorsey* does not compel this court's numerous findings that *Miller* does not provide "cause" for emerging adults to raise in a successive petition proportionate penalties clause claims based on the core *Miller* rationale that the status of brain development requires consideration in sentencing. Defendant's arguments are not persuasive. We find that defendant argues the question of whether *Dorsey* should apply in this case; but that question has been answered by our supreme court, as found almost universally by this court, and we cannot change it. It is clear that *Dorsey* does apply to proportionate penalties clause claims by emerging adults with "developing brains."

¶ 22    In *People v. Walker*, 2022 IL App (1st) 201151, this court found as follows:

"If *Miller*'s announcement of a new substantive rule does not provide a minor cause to bring a successive petition, it follows that our supreme court's recent acceptance that *Miller* may apply to young adults in certain circumstances does not provide cause for a young adult's successive petition either. Instead, the unavailability of *Miller* and the line of cases extending the rule of *Miller* under Illinois law 'at best deprived defendant of "some helpful support" for his state constitutional law claim, which is insufficient to establish 'cause.' [Citation.]' *Dorsey*, 2021 IL 123010, ¶ 74; see also *People v. Guerrero*, 2012 IL 112020, ¶ 20 ('the lack of precedent for a position differs from "cause" for failing to raise an issue, and a defendant must raise the issue, even when the law is against him, in order to preserve it for review')." *Walker*, 2022 IL App (1st) 201151, ¶ 29.

And in *People v. Walsh*, 2022 IL App (1st) 210786, this court recognized that:

"this court has universally concluded that cause was not established based on the evolution of the case law beginning with *Miller*. Defendant has not established

cause because the Illinois proportionate penalties clause existed long before he filed his initial postconviction petition and, thus, he could have raised the claim at that time." *Walsh*, 2022 IL App (1st) 210786, ¶ 34.

¶ 23    Defendant has failed to present a cogent argument *Dorsey* does not apply in this case. This court is bound to follow the decisions of our supreme court and a failure to do so is a serious error. *People v. Blalock*, 2020 IL App (1st) 170295, ¶ 37 (citing *Yakich v. Aulds*, 2019 IL 123667, ¶ 13, *People v. Mitchell*, 2012 IL App (1st) 100907, ¶ 72).

¶ 24    Defendant calls the holding in *Dorsey obiter dicta* and attempts to distinguish it from the case at hand by characterizing *Dorsey*'s rationale as applying to juveniles rather than emerging adults. But what defendant ignores is that our courts have conclusively agreed that this is a distinction without a difference. This court has held that for purposes of applying *Miller*-based standards in sentencing emerging adults may establish that they are similar enough to juveniles to receive similar treatment. See *People v. Thompson*, 2015 IL 118151, ¶ 38; *People v. Harris*, 2018 IL 121932, ¶ 46, *Walsh*, 2022 IL App (1st) 210786, ¶ 30 (citing *People v. Horshaw*, 2021 IL App (1st) 182047, ¶ 69); *People v. Ruiz*, 2020 IL App (1st) 163145, ¶¶ 56, 58.

¶ 25    Defendant claims that "young adults *** were prevented from advancing a proportionate penalties clause claims *** until 2015, when the Illinois Supreme Court first opened the door for raising an 'emerging adult' *Miller* claim in the post-conviction context." We disagree. This court has recognized that "Illinois courts have long recognized the differences between persons of *mature age* and those who are *minors* for purposes of sentencing." (Emphases added.) *Dorsey*, 2021 IL 123010, ¶ 74. Our courts merely formally recognized that an arbitrary line does not exist at 18-years of age for proportionate penalties clause purposes and *expressly* allowed *Miller*-based standards to be applied to emerging adults; but that does not provide reasoned grounds not to

apply *Dorsey*. Compare *Harris*, 2018 IL 121932, ¶¶ 60-61. In *Dorsey* our supreme found that pre-*Miller*, our proportionate penalties clause was an appropriate vehicle to test our evolving standards of decency and pre-*Miller*, when the question as to whether *Miller* principles apply to eighth amendment challenges by young adults did not exist as a question in the law, our standards included a recognition of the difference between mature and immature individuals. See *People v. LaPointe*, 2018 IL App (2d), 160902, ¶¶ 58-59 (relied upon by *Dorsey* and explaining why *Miller* does not provide cause for failure to raise a proportionate penalties clause claim based on having "less impulse control, mental and emotional development, and fixity of character" as a young adult (in that case 18-years old)). We conclude that the long-standing recognition of the difference between adults and juveniles and our proportionate penalties clause jurisprudence *is* "objective indicia that [defendant] could have cited in his prior petitions" for the proposition that our society has evolved to embrace sentencing leniency in defendant's alleged circumstances.[2]

---

[2]    Although not precedential, we note for "historical significance" this court's findings in *People v. Gomez*, 2022 IL App (1st) 200317-U:

> "In our view, 'societal judgment' on how to sentence juveniles and youthful offenders emerged here in Illinois long before *Roper*, *Graham*, and *Miller*. [Citation.] We are particularly mindful of *People ex rel. Bradley v. Superintendent*, 148 Ill. 413 (1894), a case decided by our supreme court more than a century ago. In *Bradley*, the court considered whether confinement of an 18-year-old *and a 20-year-old* to the Illinois State Reformatory for a 'term of commitment to be terminated by the board of managers' of the Reformatory, but not to exceed 20 years, violated the proportionate penalties clause. [(Emphasis added.)] [Citation.] Although the terms 'neuroscience' or 'brain research' appear nowhere in the court's decision, there was nonetheless a recognition by the court that minors behave differently than do mature adults and thus warrant different treatment. In affirming the minors' sentences, the court stated that '[t]here is in the law of nature, as well as in the law that

¶ 26 Defendant seeks to have it both ways: *Miller* applies because emerging adults are like juveniles, but *Dorsey* does not because emerging adults are not juveniles. We cannot permit or endorse such gamesmanship of our supreme court's decisions. *Blalock*, 2020 IL App (1st) 170295, ¶ 37 (citing *Aulds*, 2019 IL 123667, ¶ 13, *Mitchell*, 2012 IL App (1st) 100907, ¶ 72). We find defendant's petition fails as a matter of law because based on the claims in the petition defendant cannot establish "cause" for failing to raise his claim sooner. 725 ILCS 5/122-1(f) (West 2020). Having found defendant failed to establish "cause" for failing to raise the claims in the current petition sooner, we decline to address the question of whether defendant was "prejudiced" by the failure. See *Walker*, 2022 IL App (1st) 201151, ¶ 31 (quoting *People v. Brown*, 225 Ill. 2d 188, 207 (2007)). Accordingly, the trial court's judgment is affirmed.

¶ 27 CONCLUSION

¶ 28 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29 Affirmed.

---

governs society, a marked distinction between persons of mature age and those who are minors,—the *habits and characters* of the latter are presumably, to a large extent, *as yet unformed and unsettled*.' [Citation.]" (Emphasis added.) *Gomez*, 2022 IL App (1st) 200317-U, ¶ 50.