2023 IL App (1st) 220491-U

FOURTH DIVISION
Order filed: July 27, 2023

No. 1-22-0491and 1-22-1819 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 16884 |
| | ) | |
| KELVIN CARTER, | ) | Honorable, |
| | ) | Adrienne Davis,, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the circuit court's denial of the defendant's petition for leave to file a successive postconviction petition. Relying upon the supreme court's decision in *People v. Dorsey,* 2021 IL 123010, we found that the defendant's petition failed to establish cause for failure to raise in his initial postconviction petition a claim that his *de facto* life sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970 art. 1, § 11) based on recent caselaw governing the sentencing of juvenile and young adult offenders.

¶ 2    The defendant, Kelvin Carter, appeals from orders of the circuit court denying him leave to file two successive postconviction petitions under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)).  Relying upon cases decided after his initial postconviction petition was denied and recent research concerning young adult brain development, the defendant contends that the trial court erred in denying him leave to file his second successive postconviction petition because he adequately alleged that his "mandatory *de facto life sentence"* for crimes he committed when he was 23 years old is unconstitutional.  For the reasons that follow, we affirm.

¶ 3    Following a bench trial, the court found the defendant guilty of first degree murder.  After considering arguments in aggravation and mitigation, the trial court sentenced the defendant to an aggerate prison term of 45 years, 20 years for first degree murder with a 25-year mandatory enhancement for personally discharging a firearm that caused the victim's death.  On direct appeal, this court ordered the mittimus corrected to reflect the defendant's conviction of one count of first degree murder ant two days additional sentencing credit but otherwise affirmed the defendant's conviction and sentence. See *People v. Carter*, No. 1-04-1385 (Feb. 8, 2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 4    On April 19, 2007, the defendant filed a *pro se* petition for postconviction relief claiming ineffective assistance of counsel and prosecutorial misconduct.  The trial court dismissed the petition as frivolous and patently without merit.  The defendant appealed.  This court affirmed the dismissal (*People v. Carter*, No. 1-04-1385 (Feb. 8, 2006) (unpublished order under Illinois Supreme Court Rule 23)) and the supreme court denied leave to appeal (*People v. Carter*, 233 Ill. 2d 570 (2009)).

¶ 5    On June21, 2010, the defendant filed a *habeas corpus* petition in the United States District Court for the Northern District of Illinois.  The district court denied the petition.  *United States ex rel. Carter v. Gaetz,* 2011 U.S. Dist. LEXIS 19033 (N.D. Ill. Feb. 24, 2011).

¶ 6    On May 29, 2012, the defendant filed a petition for relief from judgment pursual to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010), claiming that the firearm enhancement of his sentence is void.  On July 10, 2010, the circuit court dismissed the petition. The defendant appealed, and this court vacated the circuit court's order, holding that the dismissal was premature. *People v. Carter*, 2014 IL App (1st) 122613.  The supreme court granted the State's petition for leave to appeal and, on December 3, 2015, reversed the judgment of this court and affirmed the circuit court's order dismissing the defendant's section 2-1401 petition.  *People v. Carter*, 2015 IL 117709.

¶ 7    In January 2015, the defendant filed a second petition pursuant to section 2-1401 which the circuit court dismissed.  The defendant appealed, but the Office of the State Appellate Defender (OSAD) that was representing him filed a motion to withdraw as counsel pursuant to *Finley v. Pennsylvania,* 481 U.S. 551 (1987), asserting that there were no issues of arguable merit on appeal. Following receipt of the defendant's response to the motion, this court granted OSAD's motion to withdraw and affirmed the circuit court's dismissal. *People v. Carter*, No. 1-15-2236 (Oct. 30, 2017) (unpublished summary order under Illinois Supreme Court Rule 23).

¶ 8    On September 19, 2019, the defendant filed a *habeas corpus* petition in the circuit court, raising two claims premised on the assertion that a witness at his trial, Leroy Lane, had testified falsely.  On December 20, 2019, the circuit court denied the petition.  The defendant appealed. The OSAD representing the defendant in that appeal filed a motion to withdraw as counsel pursuant to *Finley v. Pennsylvania,* 481 U.S. 551 (1987), asserting that there were no issues of

arguable merit on appeal. On June 21, 2021, this court granted OSAD's motion to withdraw and affirmed the circuit court's denial of the defendant's *habeas corpus* petition. *People v. Carter*, No. 1-20-0676 (June 1, 2021) (unpublished summary order under Illinois Supreme Court Rule 23).

¶ 9 On December 18, 2019, the defendant filed a *pro se* motion for leave to file a successive postconviction petition, arguing that his arrest pursuant to an investigative alert was unconstitutional. On January 14, 2021, the defendant filed a motion to amend his successive postconviction petition again raising the constitutionality of his arrest pursuant to an investigating alert and adding claims of ineffective assistance of his trial counsel for failing to file a motion to suppress his arrest and ineffective assistance of his appellate counsel for failing to raise ineffective assistance of his trial counsel on direct appeal. On July 7, 2021, the defendant filed a second motion to amend his successive postconviction petition along with his proposed amended petition in which he raised as grounds the claims contained in his first motion to amend and adding claims that his mandatory *de facto life sentence* is, as applied to him, unconstitutional under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970 art. 1, § 11) and that his sentence is excessive.

¶ 10 On March 2, 2022, the trial court denied the defendants motion to file a successive postconviction petition asserting claims that his arrest pursuant to an investigating alert was unconstitutional, that his trial counsel rendered ineffective assistance for failing to file a motion to suppress his arrest, and that his appellate attorney on direct appeal rendered ineffective assistance for failing to raise ineffective assistance of his trial counsel. The defendant filed a notice of appeal from that order which was docketed in this court as No. 1-22-0491.

¶ 11 On April 19, 2022, the defendant filed a motion titled "Motion Seeking Permission to Advance Successive Post-Conviction." That motion pointed out that the trial court in its March

2, 2022, order did not address either the proportionate penalties claim or the excessive sentencing claim that he had raised in his second motion to amend his successive postconviction petition and proposed amended petition which he had filed July 7, 2021. On November 1, 2022, the trial court denied the defendant's motion to file a successive postconviction petition raising the claims set forth in the defendant's second motion to amend his successive postconviction petition. The defendant filed a notice of appeal from that order which was docketed in this court as No. 1-22-1819. On April 14, 2022, this court granted the defendant's motion to consolidate his appeals, Nos. 1-22-0419 and 1-22-1819.

¶ 12    Although the defendant raised numerous claims in the proposed successive postconviction petitions that he filed with his motions for leave to file on December 18, 2019, January 14, 2021, and July 7, 2021, he raised no arguments in the brief which he filed in these consolidate appeals other than that he "made a *prima facie* showing that his mandatory *de facto* life sentence is unconstitutional as applied to him because his struggles with substance abuse and the violence and neglect he experienced as a child made him functionally a juvenile at the time of his offense." Arguments not raised in an appellant's opining brief are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Vancura v. Katnis,* 238 Ill. 2d 352, 369 (2010). In this case, the defendant has forfeited any argument as to the propriety of the trial courts orders as they relate to his claims that his arrest was unconstitutional, that his trial counsel rendered ineffective assistance for failing to file a motion to suppress his arrest, and that his appellate counsel on direct appeal rendered ineffective assistance for failing to raise ineffective assistance of his trial counsel.

¶ 13    Under the Act, a defendant may raise claims that his conviction or sentence violates the United States or Illinois Constitutions. *People v. Edwards*, 2012 IL 111711, ¶ 21; see also *People v. Wimberly*, 2022 IL App (1st) 211464, ¶ 5. The language of the Act and the cases interpreting it

make clear that only a single postconviction proceeding is contemplated under the Act. See *Edwards*, 2012 IL 111711, ¶ 22. Issues not raised in an initial petition are waived and the bar to successive petitions is relaxed only where the defendant can establish "cause and prejudice" for failing to raise the claim earlier or where there has been a "fundamental miscarriage of justice" based on actual innocence. *Id., ¶¶* 21-23; see also *People v. Robinson*, 2020 IL 123849, ¶ 42. The defendant must make a *prima facie* showing of both cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. "Both elements of the test must be met for a defendant to overcome section 122-3's waiver provision or to establish fundamental fairness for relaxing the *res judicata* doctrine." *People v. Clark*, 2023 IL 127273, ¶ 47. The Act defines "cause" as "an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). The Act states that a defendant shows prejudice by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* At the leave-to-file stage, a defendant "'is not required to make the "substantial showing" that will later be required at a second-stage hearing after counsel is appointed.'" *Wimberly*, 2022 IL App (1st) 211464, ¶ 5 (quoting *People v. Walker*, 2022 IL App (1st) 201151, ¶ 20). Instead, "'leave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim.' " *Walker*, 2022 IL App (1st) 201151, ¶ 20 (quoting *People v. Sanders*, 2016 IL 118123, ¶ 24). We review the denial of leave to file a successive postconviction petition *de novo*. *Robinson* 2020 IL 123849, ¶ 39.

¶ 14     In urging reversal of the circuit court's order denying him leave to file a successive postconviction petition, the defendant argues that his proposed successive petition made a *prima*

*facie* showing of both cause and prejudice for having failed to raise his constitutional claims in his initial postconviction petition.  The defendant's brief is a bit vague in places on the question of whether his as applied challenge is being made under the provisions of the eighth amendment of the United States Constitution (U.S. Const., anend. VIII) or the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. 1, §11)  It is true that the defendant never referenced the eighth amendment in his argument, only the proportionate penalties clause.  However, throughout the argument section of his brief, he states only that his mandatory *de facto* life sentence is unconstitutional.  It was not until the fourth page in the argument section that he first mentions the proportionate penalties clause of the Illinois Constitution.  We believe from a fair reading of the defendant's opening brief and reply brief that he is only arguing that his proposed successive petition made a *prima facie* showing of both cause and prejudice for having failed to raise a constitutional claim under the proportionate penalties clause of the Illinois Constitution in his initial postconviction petition.  However, to dispel any confusion as to the basis of his proposed constitutional claim, we address briefly whether the defendant could state a colorable claim that his *de facto* life sentence violated the eighth amendment to the United States Constitution.

¶ 15    In *Miller v. Alabama,* 567 U.S. 460, 465 (2012), the Supreme Court held that a sentence of mandatory life without the possibility of parole for those under the age of 18 at the time of their crimes violates the eighth amendment's prohibition against cruel and unusual punishment.  In *People v. Harris,* 2018 IL 121932, our supreme court held that "for sentencing purposes, age 18 marks the present line between juveniles and adults."  *Id.* ¶ 61.  Because the defendant in *Harris* was over 18 at the time that he committed the crime for which he was sentenced, the supreme court held that any challenge to his sentence under the eighth amendment necessarily failed. *Id.*   In this case, the defendant was 23 years old when he committed the murder for which was convicted and

sentenced. Under the holding in *Harris,* he could not maintain a colorable claim that his *de facto* life sentence violate the eighth amendment. As a consequence, we will address the defendant's arguments only in the context of a claim under the proportionate penalties clause of the Illinois Constitution.

¶ 16    As to the cause prong of the cause and prejudice test applicable to a motion for leave to file a successive postconviction petition, the defendant argues that the legal basis for his proportionate penalties claim based on the holding in *Miller v. Alabama,* 567 U.S. 460 (2012) and subsequent decisions expanding the special protections afforded to juvenile and young-adult offenders at sentencing (see *People v. Harris,* 2018 IL 121 IL 121932; *People v. Thompson,* 2015 IL 118151) did not exist when he filed his initial postconviction petition in 2007. He also argues that his claim that his 45-year sentence was an unconstitutional *de facto* life sentence was not available to him until the supreme court rendered its decision in *People v. Buffer,* 2019 IL 122327, which established that a sentence in excess of 40 years is a *de facto* life sentence. *Id.* ¶ 40.

¶ 17    In *Dorsey*, the supreme court held that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *People v. Dorsey*, 2021 IL 123010, ¶ 73; see also *Wimberly*, 2022 IL App (1st) 211464, ¶ 8. In *Dorsey*, the supreme court explained: "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to *** [the date that the defendant filed his initial postconviction petition] at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.'" *Id.*; see also *People v. Clark*, 2023 IL 121273, ¶ 61.

¶ 18    In his reply brief, the defendant argues that this court should reject the States *Dorsey*-based argument that he cannot show cause for failing to raise his proportionate penalties claim in his initial postconviction petition.  In support of the argument, the defendant cites three cases: *People v. Chrockett,* 2023 IL App (1st) 220128-U, a case decided in the context of an initial postconviction petition, not a successive postconviction petition; *People v. Savage,* 2020 IL App (1st) 173135 and *People v. Ashby,* 2020 IL App (1st) 180190-U, both of which were decided by this court before the supreme court issued its decision in *Dorsey.*  We elect to follow *Dorsey* as we must.

¶ 19    Next, the defendant argues that the supreme court's recent decision in *People v. Moore,* 2023 IL 126461 upon which the State relies is distinguishable.  We disagree.

¶ 20    In *Moore,* the two defendants, Troy Moore and Marvin Williams, were both sentenced to life imprisonment with no possibility of parole for separate murders committed when they were 19 years old.  *Id.* ¶ 1. Both filed motions for leave to file a successive postconviction petition raising claims that their discretionary life sentences violate both the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois Constitution.  *Id.* ¶¶ 15, 25.  Both motions were denied by the circuit court.  The supreme court affirmed the denial, stating that " as *Miller* did not change the law applicable to young adults, it does not provide cause for the proportionate penalties challenges advanced by Moore's and William's proposed successive postconviction petitions." *Id.* ¶ 42.

¶ 21    The defendant attempts to distinguish the holding in *Moore* based upon the fact that the defendants in that case were given discretionary life sentences; whereas, he received a mandatory *de facto* life sentence.  We find the factual distinction irrelevant.  As noted earlier, the supreme court in *Dorsey* held that "Illinois courts have long recognized the difference between persons of mature age and those who are minors for purposes of sentencing.  Thus *Millers'* unavailability

prior to *** [the date that the defendant filed his initial postconviction petition] at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.'" *Dorsey*, 2021 IL 123010, ¶ 73. That holding applies to both claims involving discretionary life sentences and those involving a mandatory *de facto* life sentence; a life sentence for a young adult is a life sentence no matter whether it is discretionary or mandatory.

¶ 22    For the reasons stated, we conclude that the defendant failed to satisfy the cause prong of the cause and prejudice test applicable to a motion for leave to file a successive postconviction petition. Based on our ruling on cause, we need not address the issue of whether the defendant made a *prima facie* showing of prejudice. See *Moore,* 2023 IL 126461, ¶ 42.

¶ 23    Affirmed.