NOTICE
Decision filed 05/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 210088-U

NO. 5-21-0088

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 02-CF-429 |
| | ) | |
| TERRON PRICE, | ) | Honorable |
| | ) | Michael A. Fiello, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's denial of defendant's motion for leave to file a successive postconviction petition is affirmed where defendant did not demonstrate cause as to why he did not raise a proportionate penalties clause claim in his initial postconviction petition.

¶ 2    The defendant, Terron Price, appeals from the circuit court's judgment denying his *pro se* motion for leave to file a successive postconviction petition. The defendant was charged with one count of first degree murder (720 ILCS 5/9-1(a)(2) (West 2000)), subject to a term of imprisonment of not less than 20 years and not more than 60 years (730 ILCS 5/5-8-1(a)(1)(a) (West 2000)), and one count of attempted armed robbery (720 ILCS 5/8-4(a), 18-2(a) (West 2000)), subject to a term of imprisonment of not less than 6 years and not more than 30 years (730 ILCS 5/5-8-1(a)(3) (West 2000)).

1

¶ 3    Following a jury trial, the defendant, who was 20 years old at the time of the offenses, was convicted on both counts and sentenced to 40 years' imprisonment on the murder conviction and a 15-year concurrent sentence on the attempted armed robbery conviction. His convictions were affirmed on direct appeal. *People v. Price*, No. 5-04-0225 (2005) (unpublished order under Illinois Supreme Court Rule 23). The defendant's petition for leave to appeal was denied by the Illinois Supreme Court. In 2007, the circuit court summarily dismissed the defendant's *pro se* petition for postconviction relief, which was affirmed by this court. *People v. Price*, No. 5-07-0574 (2009) (unpublished order under Illinois Supreme Court Rule 23). In 2021, the defendant filed a *pro se* motion for leave to file a successive postconviction petition, which was dismissed by the circuit court. On appeal, the defendant contends that he demonstrated cause and prejudice to file a successive postconviction petition, alleging that his 40-year prison sentence violated the eighth amendment to the United States Constitution and was unconstitutional as applied to him under the proportionate penalties clause of the Illinois Constitution. For the following reasons, we affirm.

¶ 4                              I. Background

¶ 5    As the defendant's convictions were affirmed on direct appeal, we provide a summary of the evidence adduced at trial to provide an understanding of the issues raised in the instant appeal. At trial, Maurice Carter testified that he, Jeremy Clark, and the defendant decided to rob Marcus Thomas, known as the "Weedman," of his money and marijuana. After dark, Clark led the trio to Thomas's residence. There the defendant and Clark went onto the porch, while Carter stood lookout on the street corner. The defendant was carrying a gun; neither Carter nor Clark had a gun. The plan was for Clark to draw Thomas out of the house by asking to purchase marijuana. Once Thomas was out of the residence, the defendant would rob him.

2

¶ 6       When Thomas answered the door, Clark pulled him outside. Carter wrestled with Thomas while Clark tried to kick in the door which had closed behind Thomas. As the defendant climbed the stairs to help Carter, Thomas broke free. As Thomas jumped over the porch railing, Carter heard a gunshot. According to Carter, the defendant had the gun in his hand at this time. Thomas fled down one street, while Carter, Clark, and the defendant ran down another. Carter heard a few more shots as he ran. The following morning, Thomas was found in a nearby residence, dead from a single gunshot wound to the back. Fearing that he would be charged with murder in connection with Thomas's death, Carter made a deal with the State to testify against the defendant.

¶ 7       Although the defendant admitted to the police that he, Clark, and Carter premeditated the robbery, he claimed that he had given the gun to Clark and that Clark was the one who initially shot Thomas. The defendant claimed that he attempted to take the shotgun back from Clark in order to dispose of it, but during the struggle, the shotgun discharged three or four times in the direction of Thomas's flight. The jury found the defendant guilty of both charges.

¶ 8       At the January 6, 2004, sentencing hearing, the State argued that, based on the facts of the case and the defendant's criminal history, the defendant should be sentenced to 50 years' imprisonment; defense counsel argued that 20 years would be sufficient. After hearing arguments, the circuit court noted that although the defendant was "only 23 years old" at the time of sentencing, he had a tendency towards violence with weapons. The circuit court also noted that the defendant had supplied the weapon on the night the crimes were committed. Ultimately, the circuit court sentenced the defendant to concurrent terms of imprisonment of 40 years for the first degree murder conviction and 15 years for the attempted armed robbery conviction.

¶ 9       On June 21, 2007, the defendant filed his initial petition seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)). The circuit court dismissed

3

the petition at the first stage of the proceeding, finding the petition frivolous and patently without merit. On October 31, 2008, that decision was upheld on appeal by this court.

¶ 10    On January 27, 2021, the defendant filed a *pro se* motion for leave to file a successive postconviction petition claiming that his 40-year sentence, which he received when he was 20 years old,[1] violated the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) in light of the developing law and science concerning the brains of youthful offenders. In support of his motion, the defendant relied on *Miller v. Alabama*, 567 U.S. 460, 470 (2012) (mandatory sentence of life without possibility of parole violates eighth amendment when imposed on a juvenile defendant) and the cases that followed. The defendant claimed, *inter alia*, that the circuit court failed to consider his youth and its attendant characteristics before imposing a *de facto* life sentence.

¶ 11    On March 1, 2021, the circuit court entered its order denying the defendant's motion for leave to file a successive postconviction petition. The circuit court noted that the defendant, who was born on March 28, 1980, was almost 21 years old when the offenses were committed on March 17, 2001. With regard to the defendant's eighth amendment claim, the circuit court found that *Miller* and its progeny did not apply to the defendant who was 20 years old at the time of the offenses, and, thus, not a juvenile. With regard to the defendant's proportionate penalties claim, the circuit court found that the defendant had demonstrated cause for his failure to bring his claim in his initial postconviction petition because *Miller* and the cases that followed were decided after he filed his initial postconviction petition. However, the circuit court ultimately dismissed the

---

[1]Review of the record reveals the defendant was nearly 21 years old at the time of the offense and 23 years old at the time of sentencing.

defendant's motion, finding that the defendant failed to demonstrate prejudice. The defendant filed a timely appeal.

¶ 12                                    II. Analysis

¶ 13    On appeal, the defendant argues that the circuit court erred in dismissing his motion for leave to file a successive postconviction petition where the defendant made a *prima facie* showing of both cause and prejudice as required by the Act. The defendant maintains that the Illinois Supreme Court has twice emphasized that a successive postconviction petition is the proper vehicle for raising an as-applied challenge seeking to extend *Miller* to an emerging adult. See *People v. Thompson*, 2015 IL 118151, ¶ 44; *People v. Harris*, 2018 IL 121932, ¶ 48. However, contrary to the defendant's claim, our state supreme court recently pointed out that *Thompson* and *Harris* should not be interpreted so broadly. *People v. Hilliard*, 2023 IL 128186, ¶ 27 (citing *People v. Clark*, 2023 IL 127273, ¶ 87). Instead, *Thompson* and *Harris* " 'addressed the possibility of a defendant raising a *Miller*-based challenge with respect to *mandatory* life sentences in *initial* postconviction petitions.' " (Emphases in original.) *Id.* ¶ 27 (quoting *Clark*, 2023 IL 127273, ¶ 88). (Also see *People v. Conick*, 232 Ill. 2d 132, 142 (2008) (the cause-and-prejudice test is a more exacting standard than the test to survive summary dismissal at the first stage of an initial postconviction petition).) Here, the defendant received a discretionary sentence which he seeks to challenge in a successive postconviction petition.

¶ 14    The Post-Conviction Hearing Act provides a procedural mechanism for defendants to raise claims of violations of their constitutional rights. *People v. Robinson*, 2020 IL 123849, ¶ 42. The Act is a collateral attack on a final judgment and not a substitute for a direct appeal. *Id*. Although only one postconviction proceeding is contemplated under the Act (*People v. Edwards*, 2012 IL 111711, ¶ 22), a defendant seeking to file a successive postconviction petition may obtain leave of

5

court to do so (*People v. Tidwell*, 236 Ill. 2d 150, 157 (2010)). However, the bar against successive postconviction proceedings should not be relaxed unless (1) a defendant can demonstrate "cause and prejudice" for the failure to raise the claim earlier or (2) he can show actual innocence under the "fundamental miscarriage of justice" exception. *Edwards*, 2012 IL 111711, ¶¶ 22-23.

¶ 15 The filing of a successive postconviction petition is "highly disfavored" (*People v. Simms*, 2018 IL 122378, ¶ 38) and allowed only in "very limited circumstances" (*People v. Davis*, 2014 IL 115595, ¶ 14). *People v. Montanez*, 2023 IL 128740, ¶ 73. The Act provides that a defendant's claim of substantial denial of constitutional rights not raised in his original or amended postconviction petition is waived. *Id.* ¶ 74; 725 ILCS 5/122-3 (West 2020). Thus, the procedural bar of waiver, in the context of a successive postconviction petition, is not merely a principle of judicial administration but an express requirement of the Act. *Montanez*, 2023 IL 128740, ¶ 74 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)).

¶ 16 Here, the defendant contends that he demonstrated both cause and prejudice. The cause-and-prejudice test is set out in section 122-1(f) of the Act as follows:

"Leave of court [for filing a successive postconviction petition] may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2020).

¶ 17    A motion for leave to file a successive petition seeking postconviction relief should be denied where "it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." (Internal quotation marks omitted.) *People v. Bailey*, 2017 IL 121450, ¶ 21. It is the defendant's burden to demonstrate a *prima facie* showing of cause and prejudice in order to be granted leave before further proceedings on his claims can follow (*id.* ¶ 24), and both elements must be satisfied for defendant to prevail (*People v. Guerrero*, 2012 IL 112020, ¶ 15). A reviewing court applies a *de novo* standard to a trial court's denial of a motion for leave to file a successive postconviction petition. *People v. Lusby*, 2020 IL 124046, ¶ 27.

¶ 18                                      A. Eighth Amendment Claim

¶ 19    "The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.' " *Miller*, 567 U.S. at 469 (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)). In *Miller* (*id.* at 479), the U.S. Supreme Court held that a mandatory sentence of life without the possibility of parole violates the eighth amendment when imposed on a juvenile murder defendant. Although the Supreme Court recognized that youthful characteristics do not disappear when an individual turns 18 (see *Roper*, 543 U.S. at 574), the Court limited its holdings to defendants who were under the age of 18 when they committed their offenses, reasoning that the line must be drawn somewhere. *Miller*, 567 U.S. at 465; see also *People v. Harris*, 2018 IL 121932, ¶ 56 (noting the Supreme Court has never extended its reasoning to young adults over the age of 18). In *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016), the Supreme Court held that *Miller* was to be construed retroactively. See also *Davis*, 2014 IL 115595, ¶ 42 (*Miller* made retroactive to Illinois cases on collateral review).

¶ 20    "[T]o prevail on a claim based on *Miller* and its progeny, a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *People v. Buffer*, 2019 IL 122327, ¶ 27. In *Buffer*, the Illinois Supreme Court considered whether a juvenile defendant's sentence of 50 years' imprisonment was a *de facto* life sentence in violation of the eighth amendment's ban on excessive punishment. *Id.* While the *Buffer* court held that the defendant's 50-year sentence violated the eighth amendment because the circuit court failed to consider his youth and its attendant characteristics in imposing that sentence, it went on to "conclude that a prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence in violation of the eighth amendment." *Id.* ¶ 41.

¶ 21    The State argues that the defendant, who was just shy of his twenty-first birthday at the time he committed the offenses, cannot avail himself of the eighth amendment claim since he was not a juvenile offender. The defendant does not dispute this point but, instead, argues that he should be granted leave to file his petition to challenge his sentence under the proportionate penalties clause. Therefore, because the defendant has now abandoned his eighth amendment claim, we turn our focus to his claim under the Illinois Constitution.

¶ 22              B. Proportionate Penalties Claim

¶ 23    The defendant maintains that he demonstrated cause and prejudice for the claim that his 40-year sentence was unconstitutional as applied to him because it was imposed without the current understanding of the lessened culpability and greater rehabilitative potential of youthful offenders. The defendant maintains that the circuit court's finding that he demonstrated cause since *Miller* and its progeny were not available to him when he filed his initial postconviction petition

8

in 2007 was correct; however, the defendant contends that the circuit court erred in finding that he did not demonstrate prejudice where the circuit court failed to consider his youth and its attendant characteristics before imposing a *de facto* life sentence. We find that, in light of the current law governing successive postconviction claims, the defendant failed to demonstrate cause.

¶ 24 The proportionate penalties clause provides: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; *Hilliard*, 2023 IL 128186, ¶ 20. "A statute violates the proportionate penalties clause if either the penalty is harsher than the penalty for a different offense containing identical elements (*People v. Sharpe*, 216 Ill. 2d 481, 521 (2005)) or 'the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community.' " *Hilliard*, 2023 IL 128186, ¶ 20 (quoting *People v. Miller*, 202 Ill. 2d 328, 338 (2002) (*Leon Miller*)).

¶ 25 While acknowledging that *Buffer* defined a *de facto* life sentence for a juvenile offender as being over 40 years, the defendant argues that he should not be deprived of the opportunity to argue that his 40-year sentence is unconstitutional as applied to him under the proportionate penalties clause by showing that "the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *Leon Miller*, 202 Ill. 2d at 338. That case is readily distinguishable. In *Leon Miller*, the 15-year-old juvenile defendant, who had one minute to contemplate his decision to participate in a shooting, and stood as a lookout during the shooting but never handled a gun, received a mandatory natural life sentence without the possibility of parole. *Id.* at 341. The Illinois Supreme Court held that "the penalty mandated by the multiple-murder sentencing statute as *applied to this defendant* is particularly harsh and unconstitutionally disproportionate." (Emphasis added.) *Id*. The court went

9

on to note that its holding should not imply that a sentence of life imprisonment for a juvenile offender convicted under a theory of accountability would never be appropriate. *Id*.

¶ 26    Nearly five months after the circuit court entered its order denying the defendant's motion for leave to file a successive postconviction petition, the Illinois Supreme Court concluded in *People v. Dorsey*, 2021 IL 123010, ¶ 74, that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." The court noted that "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id*.

¶ 27    The State, contending that the defendant cannot demonstrate either cause or prejudice, cites a recent Illinois Supreme Court case, *People v. Moore*, 2023 IL 126461. In *Moore*, the supreme court considered two consolidated appeals involving defendants who were 19 years old at the time of their respective offenses, and both were sentenced to life in prison without parole. *Id*. ¶ 1. Each defendant claimed that *Miller* provided cause for raising new constitutional challenges to their sentences in a successive postconviction petition. *Id*. ¶ 36. The *Moore* court explained that because *Miller* did not directly apply to young adults, it did not provide cause for a young adult to raise a claim under either the proportionate penalties clause of the Illinois Constitution or the eighth amendment to the United States Constitution. *Id*. ¶¶ 38, 40. Thus, the *Moore* court held that *Miller* did not provide cause for the defendants to file their proposed successive postconviction petitions. *Id*. ¶¶ 42-44.

¶ 28    Under *Dorsey* and *Moore*, our state's highest court clarified that a young adult offender who receives a discretionary life sentence (whether natural or *de facto* under *Buffer*) cannot

10

demonstrate cause to file a successive postconviction petition challenging his sentence on eighth amendment or proportionate penalties grounds under the *Miller* line of cases. While the defendant acknowledges the holdings in *Dorsey* and *Moore*, he argues that their holdings should not apply to all emerging adults. In support of his arguments on appeal, the defendant relies on a number of cases in which defendants, ranging in age between 18 and 20 years old, were granted leave to file successive postconviction petitions raising proportionate penalties claims, each of which was decided before our supreme court issued its opinion in *Dorsey* (see *People v. Brewer*, 2021 IL App (1st) 172314 (abrogation recognized by *Dorsey*); *People v. Franklin*, 2020 IL App (1st) 171628 (abrogation recognized by *People v. Wimberly*, 2022 IL App (1st) 211464, ¶ 5, *appeal denied*, No. 128921 (Ill. Sept. 27, 2023)); *People v. Minniefield*, 2020 IL App (1st) 170541 (abrogation recognized by *Hilliard*, 2023 IL 128186); *People v. Ruiz*, 2020 IL App (1st) 163145 (abrogation recognized by *Hilliard*, 2023 IL 128186); *People v. Johnson*, 2020 IL App (1st) 171362 (abrogation recognized by *Hilliard*, 2023 IL 128186)). Thus, in light of *Dorsey* and *Moore*, "the possibility of such a claim has since been foreclosed" (*Wimberly*, 2022 IL App (1st) 211464, ¶ 9). Accordingly, we find the defendant did not demonstrate cause for his *Miller*-based proportionate penalties claim, and, therefore, we need not consider whether he made a *prima facie* showing of prejudice.

¶ 29                                   III. Conclusion

¶ 30    For the foregoing reasons, although we find that the circuit court erred in finding the defendant demonstrated cause, we affirm the circuit court's judgment denying the defendant's motion for leave to file a successive postconviction petition.


¶ 31    Affirmed.